UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM MOK, individually and on behalf of
all other persons similarly situated,

                                Plaintiff,                              14-cv-8081 (PKC)

       -against-                            MEMORANDUM AND ORDER

21 MOTT ST. RESTAURANT CORP. d/b/a
HOP KEE RESTAURANT, PETER LEE and
PHILIP LEE, jointly and severally,

                              Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

On May 12, 2015, plaintiff William Mok filed a motion for conditional certification as a collective action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216. (Docket # 14.) Defendants Peter Lee, Philip Lee and 21 Mott St. Restaurant Corp., doing business as Hop Kee Restaurant ("Hop Kee"), have submitted no papers in opposition. The Court therefore considers Mok's motion unopposed. For the reasons explained, the motion is granted, subject to revisions to Mok's proposed form of notice to prospective plaintiffs.

The FLSA provides that employees may sue on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have discretion to implement section 216(b) "'by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (quoting Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). "Orders authorizing notice are often referred to as orders 'certifying' a collective action, even

though the FLSA does not contain a certification requirement." <u>Damassia v. Duane Reade, Inc.</u>, 2006 WL 2853971, at *2 (S.D.N.Y. Oct. 5, 2006) (Lynch, J.).

Courts in this Circuit use a two-stage process to determine whether a FLSA collective action should be certified. <u>Myers</u>, 624 F.3d at 554-55. At the first phase, the court makes a preliminary determination as to whether potential opt-in plaintiffs are "similarly situated" to the named plaintiffs. <u>See id.</u> at 555; <u>Damassia</u>, 2006 WL 2853971, at *3. The Court must determine whether there is a "factual nexus" between the named plaintiff's situation and the situation of other putative collective action members. <u>Fasanelli v. Heartland Brewery, Inc.</u>, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007). The plaintiffs' burden at this initial stage is "minimal," <u>Damassia</u>, 2006 WL 2853971, at *3, requiring only a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" <u>Myers</u>, 624 F.3d at 555 (quoting <u>Hoffmann v. Sbarro, Inc.</u>, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather "courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management." <u>Hoffman</u>, 982 F. Supp. at 262; <u>see also</u> <u>Romero v. H.B. Auto. Grp., Inc.</u>, 2012 WL 1514810, at *8 (S.D.N.Y. May 1, 2012) ("[C]onditional certification is to be decided early in the litigation process . . . ."). Without the benefit of full discovery, courts in this district have approved conditional collective action certification based on the facts alleged in the complaint and one accompanying affidavit. <u>See, e.g.</u>, <u>Hernandez v. Bare Burger Dio Inc.</u>, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) ("[C]ourts in this circuit have

routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."); Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012) (same).

If the plaintiff meets this burden, the court conditionally certifies the collective action and authorizes the plaintiff to send notice to potential collective action members. See Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368-69 (S.D.N.Y. 2007). Court-authorized notice is preferred because such notice "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." Hoffman-La Roche, 493 U.S. at 172. After discovery, the court engages in the second phase of analysis, in which it determines on a full record and under a more stringent standard, whether the additional plaintiffs are, in fact, similarly situated. Myers, 624 F.3d at 555.

The individual defendants allegedly own and operate Hop Kee, the defendant restaurant. (Compl't ¶¶ 13-20.) Plaintiff Mok worked as a waiter at Hop Kee from approximately April 2011 through March 14, 2013. (Mok Aff. ¶¶ 3-4.) Mok claims that from April through June 2011, he worked approximately 34-1/2 hours per week, after which he worked approximately 69 hours per week. (Mok Aff. ¶ 5.) Defendants allegedly paid him $20 per day until June 2011, after which they paid him $580 per month. (Mok Aff. ¶ 6.) According to Mok, the defendants willfully failed to pay him at minimum wage, failed to pay him overtime wages at 1-1/2 times the regular rate, and failed to pay spread-of-hours compensation. (Mok Aff. ¶¶ 8-9; Compl't ¶¶ 26-28.) Mok also alleges that the defendants failed to provide notice and acknowledgement at the time of hiring; did not provide pay statements or post notices explaining wage rights; and failed to maintain records of employee pay and hours. (Compl't ¶¶ 29-32.)

Mok's affidavit states that other Hop Kee employees were similarly situated. He states that defendants employed twelve or thirteen waiters, and estimates that they worked approximately 10-12 hours per day. (Mok Aff't ¶ 10.) He states that defendants employed twelve or thirteen cooks, who worked approximately 10-13 hours per day. (Mok Aff't ¶ 11.) Mok states that employees were paid by defendant Peter Lee in combinations of cash and checks. (Mok Aff't ¶ 13.) Mok states that he has knowledge of employee hours because his own work schedule overlapped with theirs, and that he sometimes visited the restaurant on his off hours to socialize and obtain food. (Mok Aff't ¶ 12.)

Mok has come forward with evidence sufficient to grant his motion for conditional certification as a collective action. He has stated that he personally observed that Hop Kee's cooks and other waiters worked hours similar to his own and were subject to the same pay practices. This makes out the necessary "'modest factual showing'" that he and other "potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555; see also Fasanelli, 516 F. Supp. 2d at 321 (requiring "factual nexus" between plaintiff and putative collective action members).

In addition, Mok has submitted a proposed form of notice to be disseminated to prospective collective action members. He is directed to revise certain portions of the notice. Under the heading "WHO CAN JOIN THIS LAWSUIT," the proposed notice covers any person employed at Hop Kee during the relevant time period who did not receive minimum wage or overtime pay. However, Mok's affidavit is limited only to observations concerning wait staff and cooking staff, and does not discuss any other category of employee. The notice should be revised to apply only to Hop Kee's wait staff and cooks. See generally Whorley v. Jonrocman 930, LLC, 2015 WL 3609152, at *4 (S.D.N.Y. June 8, 2015). In addition, the proposed notice

instructs potential plaintiffs to send consent forms to plaintiff's counsel.  As such, the consent to become a party plaintiff must be received by the plaintiff's attorneys, and counsel is directed to remove the clause that allows the consent forms to be received by the Clerk of Court.  The proposed form of notice is approved in all other respects, and may be disseminated in both English and in translation to whatever language plaintiff deems appropriate to effectuate notice.

CONCLUSION

Plaintiff's motion for conditional certification as a collective action is GRANTED, and the proposed form of notice is approved.  The Clerk is directed to terminate the motion.  (Docket # 14.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 26, 2015