LAW OFFICE OF
# JUSTIN A. ZELLER, P.C.

JUSTIN A. ZELLER
JAZELLER@ZELLERLEGAL.COM

BRANDON D. SHERR
BSHERR@ZELLERLEGAL.COM

JOHN M. GURRIERI
JMGURRIERI@ZELLERLEGAL.COM

TELEPHONE: 212.229.2249
FACSIMILE: 212.229.2246

September 4, 2015

**VIA ECF**

Hon. P. Kevin Castel, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse

Re: *Mok v. 21 Mott St. Restaurant Corp. et al*, 14 CV 8081 (PKC)

Dear Judge Castel:

    This law firm represents the plaintiff in the above-referenced action. The plaintiff hereby requests a conference pursuant to Local Civil Rule 37.2 in anticipation of moving for sanctions pursuant to Rule 37(d)(1)(A)(i) of the Federal Rules of Civil Procedure, concerning the defendants' failure to respond to the plaintiff's interrogatories.

    On May 12, 2015, the plaintiff served Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure upon the defendants by first class mail. The time for the defendants to answer these demands has passed. It is the plaintiffs' position that because of their untimeliness, the defendants have waived all objections to the plaintiff's discovery demand.

    The interrogatory served on May 12, 2015, requested all names and addresses of current and former employees from three years before the date of the complaint through the present. The plaintiff needs this information in order to disseminate notices of the collective action to putative party plaintiffs. The plaintiff called the defendants' attorney regarding answering this interrogatory on July 16 and 17, 2015, and emailed the defendants' attorney requesting the interrogatory response on July 15, 2015. The defendants' attorney asked until July 27 2015, to respond to outstanding discovery after already having asked to be given an extension to the prior Monday when the defendants' attorney said he would be speaking to his clients over the prior weekend. The plaintiff did not receive a response or update on this matter after this date. Then, the plaintiff left multiple messages on the defendants' attorney's voicemail on August 17 and 19, 2015, and also emailed the defendants' attorney on August 17 and 18, 2015. On August 20, 2015, the plaintiff discussed the issue with the defendants. The defendants' attorney informed the plaintiff that he still had not been able to discuss this issue with his client and was not able to give the plaintiff a date which the defendants would provide these names and addresses. Thus, the parties have conferred and have not been able to resolve this discovery issue, and thus, the plaintiff requests the Court's assistance.

    The plaintiff will move the Court to order a date by which the defendants must respond to the plaintiff's interrogatory, and that the period for putative party plaintiffs to opt-in to the conditional collective action be 60 days from the date on which the defendants answer the interrogatory with names and addresses of current and former employees.

I thank the Court for its time and consideration.

Respectfully submitted,

John M. Gurrieri