UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM MOK, individually and on behalf of
all other persons similarly situated,

                       Plaintiff,                              14-cv-8081 (PKC)

            -against-

                                                   MEMORANDUM AND
                                                   ORDER ON SANCTIONS

21 MOTT ST. RESTAURANT CORP. d/b/a
HOP KEE RESTAURANT, PETER LEE and
PHILIP LEE, jointly and severally,

                       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On February 17, 2016, this Court ordered the parties to file "Final pretrial submissions consisting of voir dire requests, proposed jury instructions, verdict sheet, joint pretrial order and fully submitted in limine motions by April 29, 2016." (Order of Feb 17, 2016; Doc 32.) This was a generous period of 72 days. The Court scheduled a final pretrial conference for May 5, 2016. In part to give the Court more time to review the anticipated submissions, the Court adjourned the final pretrial conference to June 1, 2016.

        Plaintiff's counsel asked for an extension of the date for the filing of the final pretrial submissions to May 13, 2016, which the Court granted. (Order of April 29, 2016; Doc 36.) Counsel did so aware that the Court required time to review final pretrial submissions. ("In light of the Court's adjournment of the May 5 pretrial conference to June 1, the parties hope this extension will not substantially impact the Court's preparation for that conference.") (Ltd of B. Sherr, Apr. 27, 2016; Doc 34.) Plaintiff's counsel asked for yet a further adjournment of the date

for final pretrial submissions from May 13 to May 23.  The Court granted the request.  (Order of May 13, 2016; Doc 38.)  Thereafter at 9:54 a.m. on June 1, 2016, plaintiff asked for an adjournment of the June 1 conference scheduled for 3 p.m. that day. The Court granted the request and moved the conference to June 28.

Subsequently, the Court adjourned the conference to July 6, 2016. (Order of June 27, 2016; Doc 40.)  On July 5, defendants' counsel wrote to the Court to advise as follows:

> "[A]t no time during the past two months has Plaintiff's counsel contacted my office to consult on the preparation of a joint pretrial order, to identify proposed trial exhibits or to discuss the issues identified in your Honor's individual rules. At 6:10 pm this evening, I was surprised to receive in my e-mail box 32 pages of proposed "joint jury instructions" which I had never previously been consulted on or asked to review. Further, no proposed joint pretrial order was annexed to this document."

(Ltr of M. Minsley, July 5, 2016; Doc 41.)

A principal purpose of the final pretrial conference is to address the content of the final pretrial submissions, which are critical to the trial of the action. The proposed Joint Pretrial Order outlines the parties' witnesses, exhibits, objections, expected length of trial, damages and host of other issues.  The importance of the proposed voir dire, jury instructions and verdict sheet are self-evident.  Plaintiff's counsel appeared at the July 6 conference without having filed any final pretrial submissions or having sought a further adjournment to do so.  He, thus, thwarted the very purpose of the conference. At the July 6 conference counsel had the opportunity to explain his failures and this is what he said:

> MR. SHERR: Your Honor, I'm very contrite in our failings to get these documents in. All I can do is apologize.  It's been crushingly busy the last couple weeks. In fact, today I've had—we have two in my office, two joint pretrial orders due today. I worked very hard to try to get it done."

(July 6, 2016, Tr. 5-6.)

Thereafter, the Conference concluded as follows:

> MR. SHERR: Your Honor, I'm not trying to make excuses. I'm just trying to offer the—essentially anything I can to explain our position.
>
> THE COURT: Well, there's nothing for me to do here. I guess we're adjourned.
>
> MR. MINSLEY: I would just add that the only thing I got from Mr. – from plaintiffs' office was last night around 6:00, I got proposed jury. . . instructions.
>
> THE COURT Okay. Thank you all for coming by.  You're in violation of my order.
>
> (Adjourned)

(Id., Tr.10.)

Following the July 6 final pretrial conference, plaintiff's counsel did nothing for nearly five months to cure the violation.  By letter dated November 30, 2016, plaintiff's counsel coyly suggested that he was waiting for the Court to do something regarding his violation and asked "the Court to reset a deadline for submitting these papers to provide the defendants time to respond and the parties time to resolve differences."  (Ltr. of B. Sherr, Nov. 30, 2016; Doc 42.)

On December 5, 2016, the Court issued an order to show cause why the action ought not be dismissed. (Order of Dec. 5, 2016; Doc 43.)  Plaintiff's counsel responded. (Doc 44.)

Undeniably, plaintiff remains in violation of this Court's Order of February 17, 2016, with the original time of compliance extended by subsequent Orders through May 23, 2016.  Despite plaintiff's claim of inadvertence, plaintiff's counsel has failed to demonstrate what it was that was inadvertent in not seeking an adjournment of the time for final pretrial submissions, as he had done previously.  If plaintiff's counsel somehow forgot that an

adjournment of the time for final pretrial submissions was necessary (despite having previously requested such adjournments), he certainly knew that he had submitted none prior to the final pretrial conference on July 6.  This is not Mr. Sherr's first time missing a deadline in a Fair Labor Standards Act case; his failure to file a motion for conditional certification by a Court-ordered deadline resulted in forfeiture of his client's right to do so.  Bray v. Always Ready & Reliable, Inc., 11 cv 6830 (JMF)(Order of Dec. 4, 2012; Doc 41.)

"[D]ismissal of an action under Rule 41(b) is considered a "'harsh remedy' that should 'be utilized only in extreme situations.'"  Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)).  In weighing dismissal as a remedy the Court should consider whether:  "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions."  U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ."  LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001).

Because of the lack of a warning and the possibility that lesser sanctions would be efficacious, the Court will not dismiss the action. The fault here appears to be that of plaintiff's counsel and there is no indication that William Mok, the plaintiff, participated or acquiesced in counsel's failures.  Plaintiff's counsel suggests that "[t]he Court consider ordering the payment of reasonable expenses of the other parties for the July 7 [sic] pretrial conference." (Sherr Affirmation, ¶8.)  Certainly, paying all reasonable attorneys' fees and expenses associated with plaintiff's failure to comply with this Court order would go some distance in making the

defendants whole but it would not (1) vindicate an unjustified violation of the Court's Order; or (2) cure the plaintiff's on-going non-compliance. While plaintiff's counsel states that he stands ready to comply, he has not complied; he remains in violation.

Rule 16(f)(1), Fed. R. Civ. P., permits a court to issue "any just orders" if a party or its attorney: "(B) is substantially unprepared to participate. . . in the conference; or (C) fails to obey a scheduling or other pretrial order." Here, Mr. Sherr was substantially unprepared to participate in the July 6 conference because he had failed to obey the Order requiring the filing of final pretrial submissions. Rule 16(f)(2) provides that "[i]nstead of or in addition to any other sanction the court must order the party, its attorney or both to pay the reasonable expenses" of the other side unless the conduct was substantially justified or other circumstances make an award of expenses unjust. Mr. Sherr's conduct was not substantially justified and no other circumstance makes an award of expenses unjust.

The Court will allow the action to proceed based upon the satisfaction of the following required actions, which are imposed as sanctions under Rule 16(f).

1. Plaintiff's counsel shall forthwith (and no later than seven (7) days from this Order) purge his willful non-compliance with this Court's Order of February 17, 2016, as extended through May 23, 2016, by filing all final pretrial submissions. To the extent, this requires the merger of the plaintiff's portion of the Joint Pretrial Order with the defendants, defendants are ordered to cooperate.

2. Plaintiff's counsel shall pay the sum of $3,000 into the Court's registry within seven (7) days to vindicate his violation of the Court's Order.

3. Within fourteen (14) days of plaintiff's counsel's satisfaction of paragraph 1

- 6 -

and 2 above, defendants may submit proof of their attorneys' fees and expenses associated with plaintiff's counsel's conduct outlined herein.  After hearing from plaintiff's counsel, the Court will fix the amount of the reasonable attorneys' fees and costs.  Plaintiff's counsel shall pay to defendants' counsel the amount ordered with seven (7) days.

If and when the above three requirements are satisfied, the Court, upon application of the plaintiff, will reschedule the final pretrial conference.

**BRANDON D. SHERR AND THE LAW OFFICE OF JUSTIN A. ZELLER, P.C. ARE WARNED THAT ANY FAILURE TO COMPLY WITH ANY ORDER OR DIRECTION OF THIS COURT WILL RESULT IN THE DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS.**

SO ORDERED.

                                                         P. Kevin Castel
                                                         United States District Judge

Dated: New York, New York
       January 18, 2017