# MORTON S. MINSLEY
### Attorney at Law

Admitted in both New York and New Jersey

101 Lafayette Street, 10th Floor, New York, New York 10013

Phone: 212-346-0849      Fax: 212-766-9798      E-Mail: Minsleylaw@me.com

June 8, 2017

**VIA ECF**
Hon. P. Kevin Castel
United States District Judge
US District Court, SDNY
500 Pearl Street
New York, New York 10007

Re:      William Mok v 21 Mott St. Restaurant, et al, Docket No. 14 Cv. 8081
            US District Court, SDNY

Dear Judge Castel:

      I am in receipt of the Plaintiff's most recent letter motions for an extension of time to submit a motion for a approval of a putative settlement. Defendants object to and oppose these requests and request that the Court dismiss this case with prejudice.

      Yesterday, without first contacting my office and while I was engaged in depositions in another case, Plaintiff's counsel docketed a request for an extension of time for file his motion for approval of the parties' settlement agreement, which was negotiated in February 2017. In his letter filed yesterday, Plaintiff's counsel based this application on the ground that the Plaintiff was deceased, without disclosing the date of the Plaintiff's death.

      Today, in response to this Court's order denying the application without prejudice, Plaintiff's counsel, in a letter to the Court, and in a phone call to my office after the docketing of his letter, revealed for the first time that Plaintiff has been dead since September 2016.

      This news of Plaintiff's death, and particularly the fact that Plaintiff has been deceased since September 2016 came as a shock and a surprise to me, as at all times prior to today, and through the negotiation of the settlement, it had been represented to me by Plaintiff's counsel that Plaintiff, who gave no pretrial deposition testimony and whose testimony was never preserved in any way, while ill, was prepared to proceed with the case and was ready, willing and able to testify at trial.

      On November 30, 2016, two months after Plaintiff's death, Plaintiff's counsel, in requesting relief from a failure to file pre-trial documents, wrote to the Court "to reiterate the plaintiff's intent and interest in prosecuting this action, and to formalize the plaintiff's motion for an extension of time, nunc pro tunc, to submit the pretrial papers discussed at the last conference…"

**VIA ECF**
Hon. P. Kevin Castel
United States District Judge
William Mok v 21 Mott St. Restaurant, et al,
Docket No. 14 Cv. 8081
8 June 2017
Page 2 of 3

Plaintiff's counsel's letter not only failed to reveal the fact of Plaintiff's death two month's earlier, but misleadingly suggested that Plaintiff's counsel was still in communication with Plaintiff who still wished to pursue the action.

In a further sworn declaration submitted by Plaintiff's counsel on December 9, 2016, Plaintiff's counsel represented to the court, as an excuse for the failure to prosecute the case that "communication with the Plaintiff and his counsel was made increasingly difficult and complicated as this case continued because of the plaintiff's worsening medical condition**, _which has affected his ability to communicate by voice and over the telephone_**" – falsely suggesting in the present tense that Plaintiff, while seriously ill, was still in communication with counsel and able to appear and testify in Court - although by that time, Plaintiff had been deceased for over two months.

Because of these misleading representations to the Court by Plaintiff's counsel, the Court declined to grant Defendants' request to dismiss the case, and by order dated January 18, 2017, which the Court entered with both the Court and Plaintiff's counsel in ignorance – due to the Plaintiff's counsel's failure to disclose – the fact of the Plaintiff's death – allowed Plaintiff's counsel to continue the prosecution of the case.

After, the Court's January 18, 2017 order permitting the case to move forward, the Plaintiff's counsel then proceeded to negotiate with Defendants' counsel on the basis that his client was prepared, despite his illness to appear in Court and testify at trial. Further, implicit in these negotiations was the presumption that Plaintiff's counsel was in communication with his client and had the authority to negotiate on Plaintiff's behalf.

It is submitted, however, that once Plaintiff died, Plaintiff's counsel had no authority to act on behalf of Plaintiff in this case, absent the substitution of a legal representative of Plaintiff – either an administrator or an executor. Even beyond the question of whether the agreement in principal to settle this case was negotiated in bad faith as result of Plaintiff's counsel's failure to disclose the material fact of Plaintiff's death, Plaintiff's counsel had no authority to enter into such a settlement agreement on his own, absent approval of a legal representative of his deceased client.

It is submitted that the settlement agreement in principal, which was never reduced to a final writing between the parties, is null and void, as a result of the willful misrepresentations of Plaintiff's counsel on which it was based, and the lack of authority on the part of Plaintiff's counsel to enter into such an agreement once his client died.

Consequently, it is respectfully requested that the Court deny Plaintiff's counsel's letter motion for an extension of time to submit a motion for approval of the purported "settlement" and dismiss the action "with prejudice".

**VIA ECF**
Hon. P. Kevin Castel
United States District Judge
William Mok v 21 Mott St. Restaurant, et al,
Docket No. 14 Cv. 8081
8 June 2017
Page 3 of 3

   I will respectfully leave it to the Court to determine any additional consequences of Plaintiff's counsel's misleading representations and failure to disclose, both to the Court and to Defendant's counsel, the fact of the Plaintiff's death since September 2016.

                 Respectfully,

                 Morton S. Minsley

MSM: mm
CC: Brandon Sherr, Esq.
    Law Office of Justin A. Zeller, P.C.
    ***Attorneys for Plaintiff***
    *(Via ECF)*